## RACT *v.* DUVIARD-DIME.

*(Supreme Court, General Term, First Department.　January 28, 1889.)*

1. COSTS—RIGHT TO—MATTER OF COURSE.
　　In an action for breach of contract, the complaint demanding judgment for a sum of money only, where plaintiff fails to recover a judgment for the sum of $50 or more, defendant is entitled to costs as a matter of absolute right, under Code Civil Proc. N. Y. § 3229, entitling defendant in such cases to costs of course.

**2. SAME—EXTRA ALLOWANCE.**
    And where judgment was asked for $33,000, and plaintiff wholly failed to maintain his action, a recovery being had against him, an additional allowance of costs to defendant was proper.

Appeal from special term.

Action by Jean Joseph Ract against Eugene Duviard-Dime. From an order determining the defendant's right to costs, and awarding him an additional allowance, the plaintiff appeals. For opinion on appeal from judgment, see *ante*, 156.

Argued before VAN BRUNT, P. J., and BARTLETT and DANIELS, JJ.

*Paul Fuller*, for appellant. *Abel E. Blackman*, for respondent.

DANIELS, J. The complaint in this action was for the recovery of damages for alleged breaches of contract, and it demanded judgment for a sum of money only. In this class of cases, by subdivision 4 of section 3228 of the Code of Civil Procedure, the plaintiff would be entitled to costs, of course, upon the recovery of a judgment for the sum of $50 or more; and by the next section, where the plaintiff fails to recover such a judgment, the defendant has been declared to be, of course, entitled to costs. The referee accordingly had no power or authority to restrict this right by the report, as he undertook to do. To that extent, and in that respect, the report was ineffectual; for the law conferred upon the defendant, as the recovery was in his favor, the absolute right to costs. And in addition to that right, as the case appeared to have been both extraordinary and difficult, it was within the discretion of the court to make the additional allowance which it did by its order; and it was no more than the defendant was fairly entitled to, considering the amount which the plaintiff claimed to recover against him in the action. That was the sum of $33,000. He wholly failed to maintain this right, and a recovery was had against him in favor of the defendant. The order was therefore correctly made, and it should be affirmed, with $10 costs and the disbursements. All concur.